IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James A. Giles,<br><br>      Plaintiff,<br><br>vs.<br><br>Major Curtis Earley, *in the individual capacity and in his official capacity*,<br><br>      Defendant. | C/A No. 0:13-455-DCN-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, James A. Giles, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

The Complaint reveals that this civil rights action arises out of Plaintiff's placement in administrative segregation ("Lock up") during an investigation. Plaintiff alleges that on October 4, 2012, he was chased around the "back" prison yard at the Perry Correctional Institution by another inmate, Howard Unteris, who was swinging a lock on a string at Plaintiff. Plaintiff complained to officers. Plaintiff was placed in "Lock up (SMU) for intergrity [*sic*] of an investigation" for thirty-three days. No disciplinary charges were filed against Plaintiff.

Plaintiff contends that his placement in SMU constitutes "false imprisonment." In his prayer for relief, Plaintiff seeks an injunction against the Perry Correctional Institution "to stop putting inmates in Lock up (SMU) for an intergrity [*sic*] of an investigation," compensatory damages of thirty-thousand dollars for physical pain, psychological damage, emotional distress, and mental anguish, costs resulting from false imprisonment, and any other relief deemed just and proper by this Court.

### INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C.

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



§ 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The United States Supreme Court has made it clear that prison officials are to be accorded considerable deference in their prison management decisions. In Thornburgh v. Abbott, 490 U.S. 401 (1989), the Supreme Court stated, "Acknowledging the expertise of these officials and that the judiciary is 'ill equipped' to deal with the difficult and delicate problems of prison management, this Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." Id. at 407–08 (citing Procunier v. Martinez, 416 U.S. 396, 404-05 (1974)); see also Overton v. Bazzetta, 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.") (citations omitted).

To prevail in a civil rights action brought under 42 U.S.C. § 1983, a plaintiff must establish two elements:  (1) that the defendant(s) deprived him of a right secured by the Constitution or federal law, and (2) that the defendant committed the deprivation while acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Also, in any action brought under § 1983, a court must first identify the contours of the underlying right the plaintiff claims was violated. Graham v. Connor, 490 U.S. 386, 394 (1989).  This requires a determination of the particular plaintiff's status at the time of the alleged violations. United States v. Cobb, 905 F.2d 784, 788 (4th Cir. 1990).



Plaintiff alleges a violation of "procedural Due Process" in his Complaint and contends that "it is unconstitutional to place an inmate on Lock up (SMU) for an investigation." (ECF No. 1 at 6.) These are, of course, legal conclusions rather than the factual content needed to support Plaintiff's claim for relief. Moreover, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); McKune v. Lile, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise").

Further, South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. See, e.g., Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992) (Herlong, J.) (citing Meachum v. Fano, 427 U.S. 215 (1976)); see also Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status [a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution.") (internal quotations and citations omitted). "The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 468 (1983);[2] Montanye v. Haymes, 427 U.S. 236, 242 (1976) (if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional

---

[2] Unrelated portions of the holding in Hewitt v. Helms have been superannuated by later case law.



provisions, "the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight").

To the extent that Plaintiff's Complaint may be construed as alleging that the defendant's actions constituted unlawful retaliation, to be viable, a retaliation claim must implicate some constitutional right. A plaintiff must allege "either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Plaintiff's Complaint fails to meet this standard.

Additionally, Plaintiff's request for injunctive relief is now moot because the Complaint shows that he is no longer in an administrative segregation unit. See Incumaa v. Ozmint, 507 F.3d 281, 286-88 (4th Cir. 2007); Breeden v. Jackson, 457 F.2d 578, 580 (4th Cir. 1972); cf. Inmates v. Sheriff Owens, 561 F.2d 560, 562 (4th Cir. 1977).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 5, 2013
Columbia, South Carolina

*The plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).